**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

| | | |
|---|---|---|
| PEEK CONSTRUCTION COMPANY, | ) | 3:10-CV-00273-RCJ-(VPC) |
| Plaintiff, | ) | |
| v. | ) | **TEMPORARY RESTRAINING ORDER** |
| TRUCKEE MEADOWS WATER AUTHORITY, | ) | |
| Defendant. | ) | |
| _____ | ) | |

Presently before the Court is Plaintiff Peek Construction Co.'s ("Plaintiff") Application for Temporary Restraining Order (#2).  The Court has reviewed the motion, accompanying papers, and pleadings.  The Court now issues the following order.  IT IS HEREBY ORDERED that Plaintiff's Application for Temporary Restraining Order (#2) is GRANTED.

The purpose of a preliminary injunction is to preserve the status quo pending a final determination on the merits.  *Sierra Forest Legacy v. Rey*, 577 F.3d 1015, 1023 (9th Cir. 2009).  "A plaintiff seeking a preliminary injunction must establish that he is likely to succeed on the merits, that he is likely to suffer irreparable harm in the absence of preliminary relief, that the balance of equities tips in his favor, and that an injunction is in the public interest."  *Winter v. Natural Res. Def. Council, Inc.*, __ U.S. __, 129 S. Ct. 365, 374, (2008) (abrogating prior Ninth Circuit case law allowing for two standards); *see Am. Trucking Ass'n, Inc. v. City of Los Angeles*, 559 F.3d 1046, 1052 (9th Cir. 2009) (holding that prior Ninth Circuit decisions that applied a lesser preliminary injunction standard than *Winter* are no longer controlling).

///

The Court may only issue a temporary restraining order without notice if "specific facts in an affidavit or a verified complaint clearly show that immediate and irreparable injury, loss, or damage will result to the movant before the adverse party can be heard in opposition; and . . . the movant's attorney certifies in writing any efforts made to give notice and the reasons why it should not be required." Fed. R. Civ. P. 65(b). "The court may issue a preliminary injunction or a temporary restraining order only if the movant gives security in an amount that the court considers proper to pay the costs and damages sustained by any party found to have been wrongfully enjoined or restrained." Fed. R. Civ. P. 65(c).

Plaintiff submitted the lowest bid to Defendant Truckee Meadows Water Authority ("TMWA") for the contract for construction of the Glendale Water Supply Project in Reno, Nevada (the "Project"). TMWA decided to disqualify Plaintiff's bid because Plaintiff did not disclose a second-tier subcontractor, a consultant, and a supplier. However, the bid document and Nevada law appear to only require disclosure of "subcontractors." (Bid Doc., Ex. 2 to Pl.'s App. (#2)); Nev. Rev. Stat. § 338.141. Thus, Plaintiff has established a likelihood of sucess on the merits.

Without an injunction, TMWA will award the contract to Q&D Construction, Inc. ("Q&D") and construction may begin immediately. Plaintiff will likely suffer immediate and irreparable harm because it will lose the chance to gain the experience and reputation it would receive if it was awarded and completed the contract for the Project. Plaintiff has provided an affidavit in which his attorney swears that immediate and irreparable harm will result to Plaintiff unless an injunction is issued before an opportunity for notice and a hearing. The attorney also swears that he will make prompt efforts to provide notice to TMWA.

TMWA will not be greatly harmed by a temporary delay in construction. The public interest favors bidding for public contracts pursuant to statutory mandate over speed in construction. In this case, there is no need for a security bond because Plaintiff has already deposited a bond of $250,000 as part of its bid protest. This is adequate to pay costs and damages to TMWA if found wrongfully enjoined. Therefore, the Court grants Plaintiff's motion.

**CONCLUSION**

Accordingly, IT IS ORDERED that Plaintiff's Application for Temporary Restraining Order (#2) is GRANTED.

IT IS FURTHER ORDERED that Defendant, its officers, agents, servants, and attorneys, and those in active concert or participation with them who received actual notice of this Order by personal service or otherwise, including, but not limited to Q&D shall not:

1. Award the contract for the Project to Q&D or to any other contractor; or
2. Commence construction on the Project.

This Order shall expire on Thursday, May 13, 2010 at midnight, unless this Court extends or shortens the time of this Order.

IT IS FURTHER ORDERED that a hearing regarding Plaintiff's Motion for Preliminary Injunction (#5) is scheduled for Thursday, May 13, 2010 at 1:30 p.m. in Reno Courtroom 6. Plaintiff shall notify Defendant by personally serving Defendant with a copy of this Order, the Complaint (#1), Plaintiff's Motion for Preliminary Induction (#5), and all relevant exhibits as soon as possible. Defendant shall serve and file a response by or on Tuesday, May 11, 2010. Plaintiff's then shall serve and file a reply, if any, by or on Wednesday, May 12, 2010.

DATED: This 7th day of May, 2010 at 3:00 p.m.

_____
Robert C. Jones
UNITED STATES DISTRICT JUDGE